1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                       **DISTRICT OF ARIZONA**

10
11
12  **JPMCC 2007-CIBC 19 EAST**          )
    **GREENWAY, LLC,**                    )
13                                        )
              **Appellant,**              )        **2:12-cv-01783-JWS**
14                                        )        **2:11-bk-05850-RJH**
        **vs.**                           )
15                                        )        **ORDER AND OPINION**
    **Bataa/Kierland, LLC,**              )        **[Re: Motion at Docket 23]**
16                                        )
              **Appellee.**               )
17  _____     )
18
19                      **I.  MOTION PRESENTED**

20          At docket 23, appellant JMPCC 2007-CIBC 19 East Greenway, LLC ("Appellant

21  or "Lender") filed an Emergency Motion for Stay Pending Appeal Pursuant to Federal

22  Rule of Bankruptcy Procedure 8005.  In the motion, Appellant moves the court for a

23  limited stay of the Bankruptcy Court's "Order Confirming Debtor's Amended Plan of

24  Reorganization Dated September 2, 2011" (the "Confirmation Order") pending the

25  resolution of the appeal of such order currently before the court.  Specifically, it asks the

26  court to stay the portion of the Confirmation Order that allows Appellee Bataa/Kierland,

27  LLC ("Appellee" or "Debtor") to require the release of Lender's first-priority lien on the

28  collateral in order to effectuate a proposed refinancing of such collateral that would

                                         -1-

1    allow prepayment of Lender's secured claim in the amount that was established in the
2    confirmed reorganization plan but now is challenged on appeal.  Lender filed this motion
3    after the Bankruptcy Court denied its motion to extend an existing stay that was
4    previously imposed by the Bankruptcy Court and which expires on January 18, 2013.
5    Appellee filed its opposition at Docket 25.  Appellant's reply is filed at docket 26.  While
6    oral argument was requested, the court concludes that such a proceeding would not be
7    of further assistance and is not necessary.

8                                   **II.  BACKGROUND**

9          Lender appeals the Confirmation Order on 14 different grounds.  The focus of the
10   motion for a stay, however, primarily involves the alleged errors surrounding the
11   Bankruptcy Court's valuation of Lender's secured claim, which is secured by Lender's
12   first priority lien on Debtor's property located at 7047 E. Greenway Parkway, Scottsdale,
13   Arizona (the "Property").  The Bankruptcy court found that the Property was only worth
14   $7.7 million, because it concluded that the Property did not have free access to the
15   parking structure located on the adjacent property—which is owned by Debtor's affiliate
16   after being subdivided from the Property and transferred from Debtor to the affiliate—
17   based on the Bankruptcy Court's interpretation of the Declaration of Covenants and
18   Grant of Easements for Kierland Corporate Centers (the "Declaration").  Lender asserts
19   that the Declaration granted the Property access to the neighboring parking structure
20   free of cost based on the unambiguous language of the Declaration and based on the
21   circumstances surrounding the grant of the easement and Debtor's use of the parking
22   structure without substantial charge for three years prior to its bankruptcy filing.  With
23   such parking access rights under the Declaration intact, Lender contends that the value
24   of the Property would be between $11.7 million and $12.5 million.  Thus, the Bankruptcy
25   Court's interpretation of the Declaration resulted in an alleged $5 million devaluation.

26         As part of the Debtor's reorganization plan that was confirmed by the Bankruptcy
27   Court, the Debtor announced its immediate intention to extinguish Lender's first priority
28   lien on the Property through a proposed refinance that would allow Debtor to pre-pay

                                         -2-

1    Lender's allowed secured claim in the full amount established by the Confirmation

2    Order, $7.7 million, before the instant appeal could be adjudicated.  Consequently, the

3    $5 million at stake in this appeal would not be secured by the first-position lien.

4         Lender asked the Bankruptcy Court for a stay as to Debtor's ability to refinance

5    and release, terminate, or subordinate the Lender's first-position lien pending the

6    appeal.  Originally, the Bankruptcy Court granted a stay, finding that while the Lender's

7    likelihood of success on appeal was low, the Lender's loss of the first-position lien would

8    be a loss of a property right that would likely be irrevocable and constitute irreparable

9    harm.  The stay, however, was limited in its duration because the Bankruptcy Court

10   concluded that Debtor's harm will increase the longer the stay is in place, and Lender's

11   harm will decrease over that time if it were to obtain a junior lien.  The Bankruptcy Court

12   chose January 18, 2013, as an appropriate expiration date.

13        After a stay was in place, the appeal in district court was reassigned from Judge

14   Snow to this court, and a new briefing schedule was set.  The briefing is scheduled to

15   be completed after the stay expires, on March 1, 2013.  Lender moved the Bankruptcy

16   Court for an extension of the stay given the new time frame for a decision on the

17   appeal.  Debtor opposed the extension, arguing that its hardship has intensified

18   because it has prospective tenants and needs to refinance to be able to afford the

19   tenant improvements.  The court denied the extension request, finding that the balance

20   of hardships had tipped in favor of Debtor.

21        The Lender then filed the motion at docket 23, asking the district court for a stay

22   of Debtor's planned refinance and prepayment of its allowed secured claim pending

23   resolution of appeal based on the argument that the Confirmation Order severely

24   undervalued its claim as a result of procedural and substantive errors that will be

25   considered on appeal.

26

27

28

### III.  STANDARD OF REVIEW

The court reviews the Bankruptcy Court's denial of a stay for abuse of discretion.[1]  A court abuses its discretion when its action is "arbitrary, fanciful or unreasonable."[2]  A court can be said to have abused its discretion when it "fails to identify and apply the correct legal rule to the relief requested, or if its application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record."[3]  Additionally, a court abuses its discretion when it overlooks a factor deserving significant weight, or when an improper factor is given significant weight, or when the court "commits a palpable error of judgment in calibrating the decisional scales."[4]  The abuse of discretion standard encompasses a *de novo* review of the law and a clearly erroneous review of the facts with respect to the underlying issues.[5]

As for the applicable law governing the issuance of stays pending appeal, courts consider the following four factors: 1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) where the public interest lies.[6] However, the likelihood of success on the merits and the likelihood of irreparable injury

---

[1] *See Wymer v. Wymer* (*In re Wymer*), 5 B.R. 802, 807-08 (B.A.P. 9th Cir. 1980).

[2] *Ohanian v. Irwin* (*In re Irwin*), 338 B.R. 839, 844 (E.D. Cal. 2006).

[3] *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (internal citations omitted).

[4] *In re Kusek*, 461 B.R. 691,696 (B.A.P. 1st Cir. 2011).

[5] *In re Irwin*, 338 B.R. at 848.

[6] *Nken v. Holder*, 556 U.S. 418, 426 (2009).

are the most critical factors.[7]  A showing of irreparable harm is the primary requirement for a party requesting a stay.[8]

The Ninth Circuit employs a balancing test using those traditional four factors.[9] "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another.  For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits."[10]

## IV.  DISCUSSION

### Likelihood of success on the merits

To demonstrate likelihood of success on the merits, an appellant "need not demonstrate that it is more likely than not that they will win on the merits" but instead must show "a substantial case for relief on the merits."[11]

Lender asserts that the Bankruptcy Court abused its discretion because it discounted Lender's likelihood of success on the appeal and, thus, overlooked a factor that should have carried significant weight.  Lender points out that on appeal the court will primarily apply a *de novo* review to the issues surrounding the Bankruptcy Court's conclusions related to the interpretation of the Declaration and that with that *de novo* standard, it has a strong likelihood of success on the merits.

While Lender raised fourteen different grounds for challenging the Confirmation Order on appeal, the likelihood of success issue can be dealt with by examining the Lender's likelihood of success on the issues related to the Bankruptcy Court's interpretation of the Declaration.

---

[7]*Id.* at 434.

[8]*Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011).

[9]*See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011).

[10]*Id.* at 1131.

[11]*Leiva-Perez*, 640 F.3d at 966, 968.

The Lender raises three reasons as to why the Bankruptcy Court erred with respect to its conclusions about the Declaration. First, it argues that the bankruptcy court lacked jurisdiction under the Constitution pursuant to *Stern v. Marshall* to issue final judgment on the meaning of the Declaration.[12] This is a legal issue that the court will review *de novo*. Second, it argues that the Bankruptcy Court did not have the authority to resolve the issues surrounding the meaning of the Declaration through a contested plan confirmation hearing even though Lender had initiated a companion adversary proceeding. It argues that under Bankruptcy Rule 7001, the interpretation of the Declaration could only have been resolved through an adversary proceeding because it was a declaratory judgment action involving the "validity, priority, or extent of a lien or other interest in property."[13] Again, this is a legal issue reviewed *de novo*. Third, the Lender argues that, procedural issues aside, the court erred in its interpretation of the Declaration by concluding that the Declaration did not provide the Property with an easement for free parking in the parking structure on the adjacent property. The issue of whether the declaration is ambiguous is a legal issue that is reviewed *de novo*. If the Declaration is found to be ambiguous, the court will review the Bankruptcy Court's findings of fact for clear error.

At this time, the court does not need to resolve the jurisdiction issue raised in Lender's first argument because Lender has demonstrated that it has a substantial case for relief on the merits based on the argument that an adversary proceeding was required and based on the argument that the Bankruptcy Court erred in its interpretation of the Declaration.

There are two different types of proceedings for resolving disputes before a bankruptcy court—adversary proceedings and contested proceedings.[14] Adversary

---

[12]131 S.Ct. 2594 (2011).

[13]Fed. R. Bankr. P. 7001(2), (9).

[14]*In re Beard*, 112 B.R. 951, 954-55 (Bankr. N.D. Ind. 1990).

proceedings are more formal and require additional procedures that are similar to traditional civil litigation.[15]  Bankruptcy Rule 7001 requires that an adversary proceeding be held to resolve issues regarding the "validity, priority, or extent of a lien or other interest in property."[16]  This includes questions surrounding the scope of the property subject to the lien.[17]  Whether the Property includes free access to the neighboring parking structure is a question of the scope of the Property and should have been resolved in the adversary proceeding that was instigated by Lender instead of the contested confirmation proceeding.

Even assuming that an adversary proceeding was not required, Lender persuasively contends that the Bankruptcy Court erred in its interpretation of the Declaration.  The Bankruptcy Court stated that the language it relied on in the Declaration was explicit and unambiguous[18] and found that the parking easement does not allow free access to the parking structure on the adjacent property.  The court will review any interpretation of the terms of the Declaration *de novo*,[19] and Lender has put forth a substantial case on the merits that the Declaration provides free access to the parking structure on the neighboring property given the language in the Declaration that specifically includes "parking areas" in the term "common areas"—where parking is free of charge.[20]  Furthermore, as the lender persuasively argues, the Declaration is at most ambiguous as to whether the easement in the Declaration provides the Property with

---

[15]Fed R. Bankr. P. 7001-7087.

[16]Fed. R. Bankr. P. 7001(2).

[17]*In re Beard*, 112 B.R. at 955.

[18]Doc. 23-1 at 7, 97.

[19]*Societe Generale de Banque v. Touche Ross & Co.*, 729 F.2d 628, 631-32 (9th Cir. 1984) ("[T]he issue of interpretation is a matter of law and freely reviewable. . . . Thus, the determination of whether contract language is ambiguous is a matter of law.).

[20]Doc. 20-3 at 3, 9.

1  free access to the parking structure, but the Bankruptcy Court erroneously failed to

2  consider or give weight to the applicable parol evidence suggesting that free access to

3  all parking spaces on the neighboring property was part of the consideration for the

4  transfer of that neighboring property from the Debtor to its affiliate company.  Thus,

5  Lender has demonstrated that it has a substantial case on the merits and thus a

6  likelihood of success.  Because the Bankruptcy Court failed to give weight to Lender on

7  the likelihood of success, the court concludes that there was an abuse of discretion.

8  **Irreparable harm and balance of hardships**

9          In denying Lender's request for an extension of the stay, the Bankruptcy Court

10  decided that the hardships balance tipped in favor of Debtor even though Debtor did not

11  submit evidence of changed circumstances.  Debtor asserted that it had two prospective

12  tenants for the Property, but it did not provide any concrete evidence related to the

13  terms of the proposed leases or the cost of the necessary improvements.  Indeed,

14  Debtor concedes it is only negotiating with these tenants at this time.  Debtor claims it

15  will suffer a $10 million loss if the prospective tenants do not immediately lease a

16  portion of the Property.  That number assumes that the terms are as represented

17  without evidence, that the tenants will certainly sign leases if the refinancing is

18  accomplished in the next few weeks, and that the space will remain vacant for the

19  proposed lease term of ten years if the leases are not signed within the next few weeks.

20          The Bankruptcy Court also concluded that the Lender's hardship had decreased,

21  because if there were a finding on appeal that leads to an increase in the value of the

22  claim, Lender would presumably receive a junior lien on the Property to secure that

23  additional value and that junior lien would only be enhanced by improvements to the

24  Property facilitated by the refinancing.  In other words, it concluded that over the span of

25  a few weeks, Lender's harm was no longer irreparable and the stay should be allowed

26  to expire on January 18, 2013.  But those conclusions are based on speculation and

27

28

1   without evidence in the record.  Thus, the court concludes that the Bankruptcy Court's

2   balancing of hardships was without support from facts in the record.

3          Furthermore, an extinguishment of a first-position lien is a concrete harm and

4   irreconcilable once lost.  Debtor cites to *Ohanian v. Irwin* (*In re Irwin*),[21] in support of its

5   argument that the loss of a lien is not an irreparable harm because it can be remedied

6   by a junior lien or damages.  *Irwin* is distinguishable.  In *Irwin*, Ohanian sought a stay of

7   the bankruptcy court's order releasing his fourth-position judgment lien from a piece of

8   real property.  The bankruptcy court had ordered his lien released because the property

9   was worth less than the five liens secured by the property.[22]  The district court denied

10  Ohanian's request for a stay, finding that the harm to Ohanian from loss of his junior lien

11  was only economic and could be remedied through damages.[23]  As Lender persuasively

12  argues, Ohanian's loss was merely economic because an unsecured claim of damages

13  was an adequate replacement for his already worthless lien.

14         In this case, Lender holds a first-priority lien.  As long as the Property has value,

15  Lender's lien has value.  It is not certain whether there would be enough value in the

16  enhanced Property to adequately secure both the new loan and a junior lien in favor of

17  Lender.  A junior lien is only as good as the collateral and Debtor's general

18  creditworthiness, both of which are speculative at best.  Therefore, switching the first-

19  priority lien with a junior lien or damages does not make Lender whole.  Indeed,

20  "[i]mpairment of a security interest or a shift in bargained-for-risk may constitute

21  irreparable harm where the lender's only recourse is against the borrower."[24]  Thus,

22

23         _____

24              [21]338 B.R. 839 (E.D. Cal. 2006).

25              [22]*Id.* at 842.

26              [23]*Id.* at 853-54.

27              [24]*Bank Midwest N.A. v. Hypo Real Estate Capital Corp.*, 2010 WL 4449366, at *6
    (S.D.N.Y Oct. 13, 2010).

28

                                                  -9-

1  Lender has made a showing that it will suffer irreparable harm without a stay pending

2  appeal.  Debtor has not demonstrated the same type of certain hardship, and therefore,

3  Lender's hardship is entitled to more weight.  The court concludes that the Bankruptcy

4  Court committed a "palpable error of judgment in calibrating the decisional scales" and

5  that its decision to deny the extension based on changed hardships was

6  unreasonable.[25]

7  **Public policy**

8        Debtor argues that public policy favors denial of a stay because achievement of

9  reorganization is a public interest worthy of protection.  The court is not persuaded that

10  this factor favors Debtor.  Debtor's reorganization is not prevented or stymied by

11  issuance of a limited stay.  The fact that Debtor may have the opportunity to refinance

12  earlier than expected does not mean that the opportunity will not exist after the appeal is

13  resolved and the stay is lifted.  In addition, the public interest is certainly served by

14  properly resolving the bankruptcy case.

15        **V. CONCLUSION**

16        Based on the foregoing discussion, the court concludes that the Bankruptcy

17  Court abused its discretion by not giving weight to Lender's likelihood of success and

18  finding the balance of hardships tipping in Debtor's favor.  Lender made a showing of a

19  likelihood of success on the merits and a showing of irreparable harm that outweigh's

20  Debtor's speculative harm.  Therefore, an extension of the Bankruptcy Court's limited

21  stay is warranted.  Lender's motion at docket 23 is HEREBY GRANTED.  As with the

22  stay put in place by the Bankruptcy Court, the only aspect of the Confirmation Order

23

24

25

26

27  [25]*In re Kusek,* 461 B.R 691, 696 (B.A.P. 1st Cir. 2011).

28

-10-

that is subject to the stay is the ability of Debtor to refinance and release, terminate, or subordinate the Lender's lien pending resolution of this appeal.

DATED this 18th day of January, 2013

_____
/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

-11-